PER CURIAM.
Appellant, an inmate in the Florida correctional system, seeks review of a final order dismissing his petition for a writ of habeas corpus in which he requested (1) that the Florida Department of Corrections be ordered “to remove ... from their computer data base” a detainer allegedly lodged against him by the State of Colorado; and (2) that the Florida Department of Law Enforcement be ordered “to remove the warrant and detainer from the N.C.T.C. computer.” Appellant based his petition upon the assertion that, despite his request for final disposition as contemplated by the Interstate Agreement on Detainers, the State of Colorado had failed timely to bring him to trial.
Both Florida and Colorado are participants in the Interstate Agreement on Detainers. See § 941.45, Fla.Stat. (1993); § 24-60-501, Colo.Rev.Stat. (1990). It appears that, pursuant to article V(c) of the Interstate Agreement on Detainers, the proper forum for the relief appellant requests is “the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending” — i.e., Colorado. See § 941.45, art. V(c), Fla.Stat. (1993). Accordingly, the order appealed is affirmed, without prejudice, how *189 ever, to appellant’s right to seek relief in the proper Colorado court.
AFFIRMED.
MINER, WEBSTER and BENTON, JJ., concur.